UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COLBY SYLVAIN,

                Plaintiff,

v.                                       21-cv-1023 (JLS)

MERRICK B. GARLAND, in his official
capacity as Attorney General, of the
United States,

ALEJANDRO MAYORKAS, in his
official capacity as Secretary, U.S.
Department of Homeland Security

JEAN KING, in her official capacity as
director of the Executive Office Of
Immigration Review,

DAVID H. WETMORE, in his official
capacity as chairman of the Board Of
Immigration Appeals,

THOMAS E. FEELEY, in his official
capacity as Field Office Director,
Buffalo Field Office, U.S. Immigration
& Customs Enforcement,

                Defendants.

---

## DECISION

Colby Sylvain filed a Complaint, Dkt. 1, and a Motion for Temporary Restraining Order ("TRO"), Dkt. 2, on September 15, 2021. Defendants filed their Amended Motion to Dismiss two days later. Dkt. 10. The Court held oral argument

on the motions on Monday, September 20, 2021, and announced its decision to grant Defendants' motion to dismiss for lack of jurisdiction, with a written decision to follow.

Sylvain is a Haitian national currently detained by Immigration and Customs Enforcement and facing removal to Haiti today. Sylvain filed a motion to reopen his removal proceedings and a motion to stay his removal with the Board of Immigration Appeals ("BIA") on September 9, 2021. On September 14, 2021, the BIA denied Sylvain's motion to stay his removal. The motion to reopen remains pending. Sylvain then filed in this Court seeking to compel the BIA to adjudicate his motion to reopen, and to stay his removal pending such adjudication.

Defendants argue that Sylvain's claims must be dismissed because they are indirect challenges to removal orders, over which district courts lack subject matter jurisdiction. The Court has dealt with a similar situation in two recent cases. *See Hassan v. Feeley,* No. 21-CV-82 (JLS), 2021 WL 395546 (W.D.N.Y. Feb. 4, 2021); *Ahmed v. Barr*, No. 20-CV-395 (JLS), 2020 WL 2395694 (W.D.N.Y. May 12, 2020). In those cases, the petitioners asked this Court to, among other things, stay removal orders issued against them pending the BIA's adjudication of their respective motions to reopen their removal proceedings. The Court determined that these claims were indirect challenges to removal orders, which can only be filed in the Court of Appeals pursuant to 8 U.S.C. § 1252(a)(5), and *Delgado v. Quarantillo*, 643 F.3d 52 (2d Cir. 2011) (affirming the district court's dismissal of a mandamus action to compel adjudication on the merits of an I-212 application denied on

2

procedural grounds because it was an indirect challenge to an order of removal and barred under Section 1252(a)(5)). Thus, in both cases, the Court lacked subject matter jurisdiction to grant such relief.

Like the plaintiffs in *Hassan* and *Ahmed*, Sylvain seeks a stay of his removal pending adjudication of his motion to reopen. However, he styles his case as one seeking a writ of mandamus and a request for relief under the Administrative Procedure Act ("APA"). Sylvain argues that this distinction is enough to establish jurisdiction in this Court. He relies on *Patel v. Barr*, No. CV 20-3856, 2020 WL 4700636 (E.D. Pa. Aug. 13, 2020), to argue that he is not challenging his order of removal, but merely the BIA's supposed refusal to adjudicate his motion to reopen. This, he asserts, is not barred by Section 1252. Defendants disagree, arguing that the jurisdiction-stripping provisions of Section 1252 apply, and that numerous courts have rejected similar attempts to avoid those provisions.

The Court lacks subject matter jurisdiction over Sylvain's claims. In addition to Section 1252(a)(5), 8 U.S.C § 1252(g) divests all federal courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." In *Reno v. American-Arab Anti-Discrimination Committee*, the Supreme Court concluded the purpose of this provision is to protect the discretion granted to the Executive branch with respect to removal proceedings. 525 U.S. 471, 486 (1999).

Several courts have interpreted this provision to apply to challenges to the Attorney General's refusal to take an action—including in the context of motions to

3

reopen removal proceedings. *See, e.g., Bhatt v. Bd. of Immigr. Appeals*, 328 F.3d 912, 914-15 (7th Cir. 2003) ("[Petitioner] may not avoid the § 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act."); *Sharif ex rel. Sharif v. Ashcroft,* 280 F.3d 786, 787 (7th Cir. 2002) ("A request for a stay of removal arises from the Attorney General's decision. . . to execute a removal order.  This is so whether the [plaintiff]s seek a stay of removal pending administrative reconsideration[.]") (internal quotations omitted); *Gomez-Chavez v. Perryman*, 308 F.3d 796, 800 (7th Cir. 2002) ("The[] strict limitations [of Section 1252(g)] apply not only to the Attorney General's positive actions, but also to his refusals to take action.  An alien attempting to achieve judicial review of such discretionary measures may not avoid the § 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act") (internal citations omitted); *Alvidres-Reyes v. Reno*, 180 F.3d 199 (5th Cir. 1999) (under Section 1252(g), federal courts lack subject matter jurisdiction to hear plaintiffs' challenge of the Attorney General's refusal to initiate proceedings, adjudicate plaintiffs deportable, and consider their applications for suspension of deportation); *Mendez v. Johnson*, 101 F. App'x 18, 20 (6th Cir. 2004) (rejecting plaintiff's contention that his request to compel the INS to adjudicate his I-485 application was merely a challenge to the Attorney General's refusal to consider his application because his request "actually constitutes a request for judicial review of the Attorney General's discretionary decisions relating to the adjudication of [his removal] case—an impermissible request under 8 U.S.C. § 1252(g)."); *S. L. V. v. Rosen*, No. SA-21-CV-

4

0017-JKP, 2021 WL 243442, at *4 (W.D. Tex. Jan. 25, 2021) (plaintiffs' claims seeking to compel agency officials to act on their motions to reopen and to stay their removal pending adjudication of their motions dismissed for a lack of subject matter jurisdiction because "[p]laintiffs seek review of their removal orders regardless of the characterization of their claims.").

Here, Sylvain is attempting to circumvent the jurisdictional bars of Section 1252 by styling his case as seeking a writ of mandamus, with an APA claim. The caselaw above resolves this issue. No jurisdiction exists. In the Court's judgment, *Patel* is an outlier that, moreover, addresses a uniquely long delay.

## CONCLUSION

For the reasons stated above, Defendants' Amended Motion to Dismiss is GRANTED. Plaintiff's case is dismissed with prejudice. The Clerk of Court shall close this case.

Dated:   September 21, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE